In the Matter of William BRASHEARS d/b/a ADCO Construction Company.

DEPOSIT GUARANTY NATIONAL BANK, Plaintiff,

v.

William BRASHEARS d/b/a ADCO Construction Company, Defendant.

Bankruptcy No. 8002357HC.
Adv. No. 800238HC.

United States Bankruptcy Court,
S. D. Mississippi,
Hattiesburg Division.

July 1, 1981.

Richard Courtney, Jackson, Miss., for Deposit Guaranty National Bank.

William S. Guy, McComb, Miss., for William Brashears d/b/a ADCO Const. Co.

MEMORANDUM OPINION AND ORDER

BARNEY E. EATON, III, Bankruptcy Judge.

Deposit Guaranty National Bank ("Bank"), a creditor of the debtor, alleges in this proceeding that a debt owing to it by the debtor is nondischargeable in accordance with the provisions of § 523(a)(2)(A) of the Bankruptcy Code. Specifically, the issue before the Court is in regard to the debtor's liability for purchases made by his estranged wife on their Visa credit card during the ninety days preceding the filing of the debtor's bankruptcy petition.

I.

1. The debtor, William Brashears, d/b/a ADCO Construction Company ("Debtor"), filed a voluntary petition for relief under Chapter 7 on September 22, 1980.

2. In 1975, the Debtor and his wife, Judy Brashears, were issued a Visa credit card from the Bank.

3. The Visa account had an outstanding balance of $2,138.08 at the time the bankruptcy petition was filed. From August 6, 1980, to the filing date of the petition

$1,847.40 was charged on this account. The Debtor purchased goods and services totaling $115.77, while his wife made purchases totaling $1,596.96. The Debtor was separated from his wife for at least 90 days before filing his petition for relief.

## II.

The Debtor was unaware of his estranged wife's purchases. These purchases were not authorized by him, nor did he receive any benefit from them. More importantly, the fraud involved in § 523 is actual fraud, rather than implied fraud. Cong.Rec., at H 11096 (daily ed. September 29, 1978) (statement of Representative Edwards). This limitation of the exception to actual fraud would prevent the imputation of fraud to one who is not an active participant in the fraud. See, Zaresky, *The Fraud Exception to Discharge Under the New Bankruptcy Code*, 53 Am.Bank.L.J. 253, 257 (1979). Accordingly, the Court finds that the Debtor's liability for these debts should be discharged. Furthermore, the Court concludes that the purchases made by the Debtor were not made while in contemplation of filing bankruptcy. All of the purchases made by the Debtor were essentially necessities, and do not give rise to a finding of actual fraud. For these reasons, the Court finds that the Debtor's liability on the obligation in question is dischargeable. Judy Brashears' liability to the Bank, however, is not in any manner or way affected by this Order.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the debt of William Brashears d/b/a ADCO Construction Company to the Deposit Guaranty National Bank be, and it hereby is, discharged.