In re Andrew A. and Despina M. KYRIAZES, Debtors.

Joseph DE BARTOLO, Plaintiff,

v.

Andrew A. KYRIAZES, Defendant.

Bankruptcy No. 81 B 06956.

Adv. 81 A 2608.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 10, 1983.

O'Brien & Fine, Ltd., Chicago, Ill., for plaintiff.

Jerome Garoon, Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard on the complaint of JOSEPH DE BARTOLO [De Bartolo], a subcontractor engaged in the business of installing aluminum storm and screen windows, represented by O'Brien & Fine, Ltd., pursuant to Section 523 of the Bankruptcy Code [Code] to determine the dischargeability of a debt claimed to be nondischargeable pursuant to Clauses Two and Six of Section 523(a) of the Code, and

upon the answer thereto of the Debtor, ANDREW A. KYRIAZES [Kyriazes], represented by Jerome Garoon, Attorney at Law, and,.

The Court having examined the pleadings filed in this matter, having received and examined the evidence adduced, having heard the testimony of the witnesses and arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. The Defendant was engaged in the business of land development and home construction as Secretary/Treasurer of Great Beginnings Development Corp. Defendant owned residences located at 863 Papoose and 877 Papoose, both in Carol Stream, Illinois. The properties were sold on July 6, 1979 and August 24, 1979, respectively. Plaintiff is engaged in the business of installing aluminum storm and screen windows, and other building materials, in DuPage County, Illinois. Plaintiff installed 20 windows on the premises at 863 Papoose, and 18 similar windows on the premises at 877 Papoose, but was not paid for said services from the sale proceeds.

2. On April 13, 1981, Plaintiff obtained a judgment against Defendant in the Circuit Court of DuPage County, Illinois, Case No. 80 L 1159, in the amount of $6,292.00 plus $79.00 costs. On June 11, 1981, the Debtor filed a Chapter 7. On November 16, 1981, Debtor filed an amended Schedule A–3 and listed Plaintiff, as follows:

J.D. Home Improvement Co. $1,292.00

On August 4, 1981, Plaintiff filed a complaint to determine dischargeability, and on December 16, 1981, Plaintiff filed an amended complaint. On September 1, 1981, Defendant filed an answer to the complaint, and on January 26, 1982, Defendant filed an answer to the amended complaint.

3. At the trial held on the amended complaint to determine dischargeability, Plaintiff presented testimony and documentary evidence (Plaintiff's Exhibits 1–8 were received in evidence). Defendant represented by counsel cross-examined Plaintiff's witness but did not present testimony or exhibits on his behalf.

4. Plaintiff testified that he demanded several times to be paid for the installation of the windows and expressed an intention to file a mechanics lien. Plaintiff testified that Defendant told him that he would be paid out of the escrow upon the closings, and Plaintiff testified that the Defendant stated that if a lien was filed, the closings would be delayed. Plaintiff testified that Defendant never told him that the properties had already been sold, and that in reliance on Defendant's representation that payment would be made after closing he delayed filing a lien.

The Court Concludes and Further Finds:

1. Debts based upon false representations or willful and malicious conversion under Sections 523(a)(2) and (6) of the Bankruptcy Code are excepted from the discharge, as follows:

(a) A discharge under Sections 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt—
(2) For obtaining money, property or services, or an extension, renewal, or refinance of credit by—
    (A) false pretenses, a false representation or actual fraud ...
(6) For willful and malicious injury by the debtor to another entity or to the property of another entity ...

2. In order to except a debt from discharge under Section 523(a)(2) of the Bankruptcy Code and its predecessor Section 17(a)(2) of the Bankruptcy Act, the creditor must establish the following: the bankrupt made a representation; at the time the representation was made the bankrupt knew it was false; the representation was made with intent to deceive; the creditor reasonably relied on the representation; and, damage was sustained as a result of the representation. *In re Garman*, 625 F.2d 755, 761 (7th Cir.1980); *In re Matera*, 592 F.2d 378 (7th Cir.1979); *In re Dolnick*, 374 F.Supp. 84 (N.D.Ill.1974); *In re Taylor*, 514 F.2d 1370 (9th Cir.1975); *In re Wright*, 515 F.2d 260 (9th Cir.1975); 1A, Collier on Bankruptcy, Par. 17.16 p.

1634–36 (14th Ed.). A statement that is erroneous, but is not made with intent to deceive, is not a false statement. *In re Dolnick*, at 90. It has been held, however, that where an individual knowingly or recklessly makes a false representation which the individual knows or should know will induce parties to extend credit, intent to deceive may be logically inferred. *In re Nelson*, 561 F.2d 1342, 1346–47 (9th Cir. 1977). It is the rule that once a creditor establishes a *prima facie* case of fraud, the burden of coming forward with an explanation of the alleged fraud shifts to the debtor *In re Taylor, supra* at 1373.

3. In order to except a debt from discharge for willful and malicious conversion of property under Section 523(a)(6) of the Bankruptcy Code and its predecessor Section 17(a)(2) of the Bankruptcy Act, the debtor's action must have been malicious (wrongful and without just cause, or excessive) and willful (deliberate or intentional). *In re Meyer*, 7 B.R. 932 (N.D.Ill.1981); *In re Bryson*, 3 B.R. 593 (N.D.Ill.1980); *In re Amador*, 596 F.2d 428 (10th Cir.1979); 1A, Collier on Bankruptcy, Par. 17.17 at 1650.4 (14th Ed.); 3, Collier on Bankruptcy, Chap. 523, Par. 523.16, at p. 523–117 (15th Ed.). Courts have held that a debtor's disposal of encumbered property by sale or abandonment, in the absence of proof of intent, does not constitute a willful and malicious conversion of property. *Miss. Loan Corp. v. Boyd*, 1 Ill.App.3d 927, 274 N.E.2d 825, 827 (1st Dist.1971); *In re Frisby*, 444 F.Supp. 227, 228 (S.D.Miss.1976); *In re Love*, 577 F.2d 344, 348 (5th Cir.1978).

4. From the testimony presented it must be concluded that Defendant knowingly and intentionally made false representations regarding payment of the debt to Plaintiff. It must be concluded from the evidence adduced that Defendant willfully and maliciously converted the property of Plaintiff to his own use. The evidence shows that Defendant knew that sums were due Plaintiff for work duly performed. Yet, Defendant engaged in a course of activities to hinder and delay the collection of the debt by making false representations to the Plaintiff and the purchasers of the home, and, but for Defendant's fraud, Plaintiff could have filed a timely mechanics lien and protected his interest. Defendant knew the storm windows were not paid for at the time of closing, yet he made representations that Plaintiff would be paid from the proceeds; and Defendant failed to properly list Plaintiff on the Sworn Statement and concealed the date of the closing from Plaintiff. In this manner, Defendant willfully and maliciously converted Plaintiff's property.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the complaint of the Plaintiff, JOSEPH DE BARTOLO, doing business as J.D. HOME IMPROVEMENT CO., against the Defendant, ANDREW A. KYRIAZES, made pursuant to Sections 523(a)(2) and (6) of the Bankruptcy Code, be, and the same is hereby granted, and that the debt of the Defendant, ANDREW A. KYRIAZES, be, and the same is hereby declared to be nondischargeable pursuant to Sections 523(a)(2) and (6) of the Bankruptcy Code.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, JOSEPH DE BARTOLO, doing business as J.D. Home Improvement Co., recover from the Defendant, ANDREW A. KYRIAZES, the sum of $1,292.00.