**In re Donald Hugh SCHMIDT, Debtor.**

**MERCANTILE TRUST COMPANY, National Association, Plaintiff,**

v.

**Donald Hugh SCHMIDT, Defendant.**

Bankruptcy No. 82–02681(1).
Adv. No. 83–1472C(2).

United States District Court,
E.D. Missouri.

Dec. 30, 1983.

Debbie Forman and John F. Sutherland, St. Louis, Mo., for plaintiff.

Dan Hall, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on appeal from a decision by the bankruptcy court holding that certain credit card charges in-

curred by the debtor Donald Hugh Schmidt on his MasterCard were not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A). This section provides that debt procured by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition is not dischargeable.

■ It is well settled that in order to find a debt nondischargeable the Court must find that (1) the debtor knowingly made a false representation; (2) that it was made with intent to defraud; (3) that the creditor relied upon the false information. *In re Griffis*, 29 B.R. 110, 112 (Bkrtcy.D.Vr. 1983); *In re Carley*, 24 B.R. 248, 249 (Bkrtcy.D.N.M.1982); *In re Turner*, 23 B.R. 681, 684 (Bkrtcy.D.Mass.1982); *In re Petrini*, 23 B.R. 981, 982–83 (Bkrtcy.E.D.Penn. 1982); *In re Ciavarelli*, 16 B.R. 369, 370 (Bkrtcy.E.D.Penn.1982). The purchase of goods with a credit card is an implied representation that the buyer has the means and intention to pay for his purchases, however, an intent to deceive must be shown. *In re Carley*, 24 B.R. at 249–50. A showing of insolvency alone is not sufficient to infer the debtor's intent. *Id.*

In addition, the type of frauds involved in 11 U.S.C. § 523(a)(2)(A) "are those which in fact involve moral turpitude or intentional wrong and it must affirmatively appear that such representations were knowingly and fraudulently made." *In re Petrini*, 23 B.R. at 983. "Intention, of course, is a very subjective thing and in most instances can only be shown circumstantially." *In re Griffis*, 29 B.R. at 112.

■ The bankruptcy court in the case at bar stated that "[d]ebtor's contention at the trial, and manifest in his statement of issues filed in respect of this appeal is that *he did not intend not to pay his MasterCard account.*" (Emphasis supplied.) The court further asserted that "[t]he contention made is spurious, and debtor's subjective intention to pay—even if his testimony is credible—cannot be given any substantive consideration in a case such as this." This statement is clearly an erroneous statement of the law in that a showing of intent not to

pay for the goods purchased on credit is required. *In re Turner*, 23 B.R. at 684. The decision of the bankruptcy court must therefore be reversed. On remand the bankruptcy court should determine whether or not the bankrupt possessed the necessary intent. Some courts have considered the following factors in determining intent:

1. the length of time between the charges made and the filing of bankruptcy;
2. whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges are made;
3. the number of charges made;
4. the amount of charges;
5. the financial condition of the debtor at the time the charges are made; and
6. whether the charges were above the credit limit of the account.

*In re Griffis*, 29 B.R. at 112.

This Court expresses no opinion as to whether the debtor possessed the necessary intent to deceive, that is for determination by the bankruptcy court on remand.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the decision of the bankruptcy court be and is reversed and the case is remanded for further consideration consistent with this opinion.