**In the Matter of Dennis LABUDA, Debtor.**

**MONTGOMERY WARD & COMPANY, Plaintiff,**

v.

**Dennis LABUDA, Defendant.**

**Bankruptcy No. 83–94.**
**Adv. No. 83–213.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 3, 1984.

tion of all disbursements for the years in question.

Bruce A. Nants, Orlando, Fla., for plaintiff.

J.C. McKenzie, Clearwater, Fla., for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration involves a claim of non-dischargeability asserted by Montgomery Ward, the Plaintiff who commenced this adversary proceeding. It is the contention of the Plaintiff that the Defendant/Debtor, Dennis LaBuda, obtained money or property by false pretenses in that he purchased merchandise from the Plaintiff without having the intent to pay for the same. At the final evidentiary hearing the record established the following:

8. See note 7, *supra*.

Dennis LaBuda has maintained an account with the Plaintiff since 1972. The account was current and at one time had a balance as high as $1,000. By June, 1982, the account was completely cleared out and there was a zero balance on the account. The Debtor is an airline maintenance mechanic with a local firm, but was laid off and lost that position in which he earned approximately $15,000. Prior to June, 1982, his wife was also employed and he also received a pension from the City of Clearwater for he worked earlier as a policeman and is now receiving a disability pension. Beginning in September, 1982, the Debtor commenced charging again on his account with the Plaintiff although the charges up to December were minimal and never exceeded more than $200. The record reveals that in the month of December he charged $1,966.39 which brought his outstanding balance up to $1,359.70 and in the month of January, 1983, he charged $2,082.93 or bringing a total outstanding balance as of the end of that month to the amount of $3,303.51. These purchases represent major items such as a washing machine, dryer and a color television set.

It further appears from the record that in the fall of 1982, the Defendant learned that he might regain his position at his previous employment because the firm was anticipating to obtain a large maintenance contract in January, 1983. However, unfortunately this turned out not to be the case and he did not regain his employment. As a result he was compelled to seek legal advice to help him out from his financial bind because at that time he could no longer meet any of the outstanding monthly obligations.

On January 11, 1983, he made two purchases, but after having learned that he was unable to live up to his commitments, he returned the two items to the Plaintiff and consulted an attorney who ultimately filed a Petition for Relief for him on January 19, 1983.

The claim of non-dischargeability is based on § 523(a)(2)(A) of the Bankruptcy Code which in pertinent part provides as follows:

§ 523(a)(2)(A). Exceptions to discharge (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for obtaining money, property, services, or an extension, renewal, or refinance by credit, by—
(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or . . .

It is well established and without dispute that the burden to establish a claim of non-dischargeability is placed on the plaintiff who must present persuasive and convincing evidence that the debtor did, in fact, obtain property by false pretenses or by actual fraud. *National Bank of North America v. Newmark (In re Newmark)*, 20 B.R. 842, 853 (Bkrtcy.E.D.N.Y.1982).

In the context of credit card purchases, the buyer impliedly represents both the ability and intent to pay for the articles obtained. Therefore, a credit card purchase made with knowledge by the purchaser of his inability or obvious lack of intent to pay is tantamount to obtaining property through false pretenses. *In re Boydston*, 520 F.2d 1098 (5th Cir.1975); *In the Matter of Buford*, 25 B.R. 477, 481 (Bkrtcy.S.D.N.Y. 1982).

It is well established and without dispute that the burden to establish a claim of non-dischargeability is placed on the plaintiff who must present persuasive and convincing evidence that the debtor did, in fact, obtain property by false pretenses or by actual fraud. *National Bank of North America v. Newmark (In re Newmark)*, 20 B.R. 842, 853 (Bkrtcy.E.D.N.Y.1982). Thus, if the evidence is in equilibrium supporting both the claim of non-dischargeability under this Section and the Debtor's right to obtain relief from the obligation owed to the plaintiff, the plaintiff will have failed to carry the burden of proof. *In re Leffler*, Bankr.L.Rep. (CCH), ¶ 65,646 (M.D.Fla. 1975).

As noted earlier, the Debtor anticipated being recalled to work during the

period in question and subsequently returned two major purchases after learning that he would not be recalled. Such an action is inconsistent with allegations that the Debtor purchased the items knowing he could not pay for them and clearly negates any inference of intent to defraud. Considering all of the evidence, the Court is satisfied that Wards failed to meet its burden of proof and, therefore, the debt should be discharged.

A separate final judgment will be entered in accordance with the foregoing.