In re Bruce E. DELOIAN, Debtor.

HARRIS "CHARGE IT"
SYSTEMS, Plaintiff,

v.

Bruce E. DELOIAN, Defendant.

Bankruptcy No. 84 B 9782.
Adv. No. 84 A 1271.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 27, 1986.

Leonard E. Gargas, Calumet City, Ill., for debtor.

Law Offices of Lawrence Friedman, Chicago, Ill., for plaintiff, Harris "Charge It" Systems.

MEMORANDUM OPINION
AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Complaint Objecting to Dischargeability filed by Plaintiff, HARRIS "CHARGE IT" SYSTEMS, represented by THE LAW OFFICES OF LAWRENCE FRIEDMAN, against Debtor, BRUCE E. DELOIAN, represented by LEONARD E. GARGAS, and the Court, having considered the record in this case and the pleadings on file, and having afforded the parties an opportunity

for hearing, and being fully advised in the premises;

The Court Finds:

1. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 7, 1984.

2. On November 7, 1984, Plaintiff timely filed a Complaint to determine dischargeability of certain debts resulting from Debtor's alleged fraudulent use of a credit card to purchase items which totalled $2,220.68. Plaintiff claimed that these debts are nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. On November 30, 1984, Debtor filed an Answer which consisted of general allegations admitting or denying the allegations found in Plaintiff's Complaint, and which asserted certain affirmative defenses.

3. Plaintiff is a financial institution licensed to transact business in the State of Illinois. At an unspecified date, Debtor applied for and received from Plaintiff a credit card, No. 5230–1829–4414 with a credit limit of $2,500.00. Prior to the transactions alleged in the Complaint, Debtor had used and maintained this credit card account for more than a year without incident.

At the trial, held on October 17, 1985, Plaintiff submitted evidence which indicated that from May 17, 1984 through July 26, 1984, Debtor used this credit card to purchase items which totalled $2,220.68. These purchases brought the balances of the account to an excess of the credit card limit by $597.73.

The table below lists the payments, charges and balances for the account during the period in question:

| Closing Date | Payments | Charges | New Balance |
|---|---|---|---|
| March 27, 1984 | | $ 30.33 | $ 432.60 |
| April 25, 1984 | $ 50.00 | 644.23 | 976.02 |
| May 25, 1984 | 250.00 | 618.18 | 1,344.60 |
| June 26, 1984 | | 1,087.34 | 2,463.71 |
| July 26, 1984 | | 589.21 | 3,097.73 |

The table indicates a steady rise in the charges and balance of this account which was not offset by the payments made by Debtor.

4. At the trial, Debtor testified that he resided in Illinois, and that he had been employed as a warehouse worker in Illinois. In April, 1984, Debtor lost his job and subsequently went to Florida to look for work. Debtor testified that he had chosen to seek employment in Florida because he had relatives living there. The credit card purchases for the period in question, May 17, 1984 through July 26, 1984, were made while Debtor was in Florida. Debtor further testified that he made these purchases while he was unemployed and had no other source of income.

5. Prior to June, 1984, Debtor had not used his credit card to charge more than $1,000.00 in any one month, nor had Debtor, prior to July, 1984, exceeded his credit limit. Debtor's last purchase with the credit card was made on July 26, 1984. Debtor returned to Illinois and on August 7, 1984, filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

The Court Concludes and Further Finds:

1. Section 523(a)(2)(A) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

2. In order to except a debt from discharge under Section 523(a)(2)(A) of the Bankruptcy Code, the creditor must establish the following: (1) the debtor made a representation; (2) at the time the representation was made the debtor knew it was false, or the debtor made the representation with such reckless disregard for the truth as to constitute willful misrepresentation; (3) the representation was made with intent to deceive; (4) the creditor reasonably relied on the representation; and (5) damage was sustained as a result of the

representation. *First National Bank of Red Bud v. Kimzey* (*In re Kimzey*), 761 F.2d 421 (7th Cir.1985); *The Northern Trust Company v. Garmen* (*In re Garmen*), 625 F.2d 755 (7th Cir.1980); *Carini v. Matera* (*In re Matera*), 592 F.2d 378 (7th Cir.1979); *DeBartolo v. Kyriazes* (*In re Kyriazes*), 38 B.R. 353 (Bankr.N.D.Ill. 1983). The objecting creditor must prove the facts establishing each element by clear and convincing evidence. *In re Kimzey, supra* at 424.

3. Many courts have held that "whenever a credit card holder uses his card, he is representing that he has both the ability and intention to pay for those purchases and the credit card issuer relies on those implied representations in extending credit to the card holder." *Strawbridge & Clothier v. Ciavarelli* (*In re Ciavarelli*), 16 B.R. 369, 370 (Bankr.E.D.Pa.1982). See *First National Bank of Atlanta v. Robinson* (*In re Robinson*), 55 B.R. 839 (Bankr. S.D.Ind.1985); *Dominion Bankshares Services v. Shrader* (*In re Shrader*), 55 B.R. 608 (Bankr.W.D.Va.1985); *American Bank and Trust Company of Pa. v. Lipsey* (*In re Lipsey*), 41 B.R. 255 (Bankr.E.D.Pa. 1984); *Mid-American National Bank v. Higgs* (*In re Higgs*), 39 B.R. 181 (Bankr.N. D.Ohio 1984); *Security Bank of Nevada v. Singleton* (*In re Singleton*), 37 B.R. 787 (Bankr.D.Nev.1984); *First National Bank & Trust Company in Macon v. Stewart* (*In re Stewart*), 7 B.R. 551 (Bankr.M.D.Ga. 1980). Under this standard, the burden is on the creditors to prove that the Debtor used his credit card to deceive the creditor into believing that the Debtor could and would repay the debt although, in fact, the Debtor did not intend to do so. *In re Ciavarelli, supra* at 370.

4. Courts have used the following factors to determine whether the debtor possessed the intent to deceive the creditor when the debtor used his credit card:

1. the length of time between the charges made and the filing of bankruptcy;

2. whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;

3. the number of charges made;

4. the amount of the charges;

5. the financial condition of the debtor at the time the charges are made; and

6. whether the charges were above the credit limit of the account.

*In re Stewart, supra* at 555; *In re Robinson, supra* at 845; *In re Shrader, supra* at 611; *In re Lipsey, supra* at 258; *In re Singleton, supra* at 792. Furthermore, one or two of these factors alone could be sufficient to convince a court that an intent to deceive exists particularly if the facts of the case are egregious. *In re Singleton, supra* at 792.

5. Applying these standards to the present case, this Court finds that Debtor deceived Plaintiff because at the time of purchase, Debtor did not intend to pay for those items he had charged on his credit card from May 17, 1984 through July 26, 1984, which items totalled $2,220.68.

All of Debtor's purchases were made within a 90-day period preceding the filing of Debtor's petition, and the greatest majority of these purchases were made within a 60-day period preceding the filing of Debtor's petition. Debtor's last purchase was made on July 26, 1984, which was less than two weeks before the filing of Debtor's petition, which was on August 7, 1984.

Debtor had not used his credit card to charge more than $1,000.00 in any one month until June 1984, wherein Debtor made credit card charges in the amount of $1,087.34. In July 1984, Debtor, for the first time, exceeded his credit limit by $597.73.

The most prominent factor in this case is that Debtor made all of these purchases while he was unemployed. Also, Debtor made these purchases despite the fact that he had no other source of income. Debtor's unemployment did not justify his extraordinary use of his credit card particularly since he knew he had no means of repaying these debts. The Court also doubts that Debtor was seriously seeking

employment at the time these purchases were made given Debtor's brief escapade in Florida and Debtor's subsequent return to Illinois, where he quickly filed this Chapter 7 petition. This Court is convinced that Plaintiff has established through clear and convincing evidence that Debtor defrauded Plaintiff in the amount of $2,220.68 because Debtor, at the time of purchase, did not intend to pay Plaintiff for the items he had charged on his credit card.

6. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment in the amount of $2,220.68 be, and the same is hereby entered in favor of Plaintiff, HARRIS "CHARGE IT" SYSTEMS, and against Debtor, BRUCE E. DELOIAN, upon the above-entitled Complaint Objecting to Dischargeability, and that said judgment is found to be nondischargeable under sections 727, 1141, or 1328(b) of title 11 of the United States Code, and that each party shall bear its own costs and attorney fees.