**In re Delores M. ROUTON, Debtor.**

**COLONIAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Delores M. ROUTON and William H. Frye, Trustee, Defendants.**

**Bankruptcy No. 86–10043(SE).**
**Adv. No. 86–0019(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Oct. 15, 1986.

William L. Syler, Cape Girardeau, Mo., for plaintiff.

Paul Roger Ellis, Jackson, Mo., for debtor.

William H. Frye, Cape Girardeau, Mo., trustee.

MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

INTRODUCTION

On January 21, 1986, the Debtor filed her voluntary Chapter 7 petition. On March 13, 1986, Colonial Federal Savings and Loan Association ("Colonial") timely filed a two count complaint against the Debtor. In its first count, Colonial sought the Court's declaration that Debtor's obligation to it is nondischargeable. In its second count, Colonial sought to deny Debtor her discharge. On April 15, 1986, Debtor filed her Answer denying Colonial's entitlement to any relief and on May 21, 1986, the parties filed their pretrial stipulation of facts. On June 24, 1986, the Court held a hearing on the matter, at which time the parties appeared and evidence was adduced on Count I only, Colonial then announcing its abandonment of Count II. At the close of trial, the Court granted the parties leave to file briefs, which they have done. Upon this record, and for the reasons set forth below, the Court will this date enter an order dismissing Colonial's Complaint with prejudice.

FACTS

The Scherers, husband and wife, formerly owned certain residential property in Perry County, Missouri. This property was subject to a first deed of trust in favor of Colonial. On November 14, 1980, Debtor and her husband assumed the Scherers' loan on the property and occupied the

premises. Several years later, in May, 1985, Debtor agreed to sell the property to the Allegos, also husband and wife. Colonial was the settlement agent for this sale.

Matilda Farquhar is Colonial's Assistant Vice President and Loan Officer. As such, she prepared the settlement documents and handled most of the details of the closing. Mrs. Farquhar performed these tasks without the Debtor's assistance.

At the closing, the bank issued a check in the amount of $1,413.72 to Debtor. Although Debtor knew she was not entitled to receive any sum from Colonial, she did not inform Colonial of that fact, but instead immediately cashed the check and spent the proceeds.

After the closing, Colonial discovered that it had made an error in the preparation of the closing documents and that, in fact, Debtor owed Colonial $3,800.00. Prior to Debtor's bankruptcy, Colonial sued her in state court and received a default judgment against her in the amount of $3,800.00.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), (J), which the Court may hear and determine.

DISCUSSION

Colonial argues that Debtor's $3,800.00 obligation to it should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). That section provides that a debt procured by false pretenses, false representation, or actual fraud, other than a statement representing the debtor's or an insider's financial condition is not dischargeable. "It is well settled that in order to find a debt nondischargeable the Court must find that (1) the debtor knowingly made a false representation; (2) that it was made with intent to defraud; (3) that the creditor relied upon the false information." *In re Schmidt*, 36 B.R. 459, 460 (E.D.Mo.1983).

The burden of proving each of these elements is Colonial's. Assuming, without deciding, that Colonial proved the first two elements, Colonial's claim to relief fails because it did not prove the third element, reliance.

Although Debtor knew she was not entitled to the settlement check, her failure to inform Colonial of this fact was in no way the cause of Colonial's mistaken payment to her or of the remaining $3,800.00 obligation. The evidence clearly showed that Colonial alone prepared the settlement documents without the Debtor's assistance. Since Colonial did not rely on Debtor, it is not entitled to a finding of nondischargeability in this case.

An Order consistent with this opinion will be entered this date.