**In re Susan Elizabeth CLOUD, Debtor.**

**FIRST NATIONAL BANK OF LIN-
COLNSHIRE, Plaintiff–Appellee,**

**v.**

**Susan Elizabeth CLOUD,
Defendant–Appellant.**

No. 89 C 6460.
Bankruptcy No. 87 B 09578.
Adv. No. 87 A 1040.

United States District Court,
N.D. Illinois, E.D.

Oct. 30, 1989.

158

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Debtor-appellant Susan Cloud appeals from a judgment of the United States Bankruptcy Court for the Northern District of Illinois, denying her attorney's fees under 11 U.S.C. § 523(d).

## BACKGROUND

Cloud was issued an unsolicited, pre-approved Visa charge card by Lincolnshire in November 1985. Lincolnshire's Complaint, Ex.A. By July 1986, Cloud reached her credit limit of $2,500. Memorandum opinion and order of March 10, 1989 at 5 (here-inafter, "March 10 order"). Cloud exceeded her credit limit only once and made no charges after April 30, 1987. *Id.* In the eighteen months that she used the card, Cloud failed to make the minimum payment required eight times. *Id.* at 2. Cloud first consulted a bankruptcy attorney in early or mid-June of 1987 and filed to discharge the debt in bankruptcy on June 29, 1987. *Id.* at 5. At the time this case commenced, Cloud was $70.54 above her credit limit by reason of interest charges.

Cloud's annual income was approximately $14,000; however, she was unemployed for two months during the time she used the Lincolnshire card. Lincolnshire's brief at .1; March 10 order at 5. During this eighteen-month period, Cloud made charges on 11 to 16 other installment accounts, and accumulated monthly installment debt that was twice her yearly income. Lincolnshire's brief at 1. Cloud made luxury purchases with her credit cards and continued to charge even during months she could not make her minimum payments. *Id.*

Lincolnshire filed a complaint in bankruptcy court to have Cloud's debt to the bank held nondischargeable under 11 U.S.C. § 523(a)(2)(A), (B). Both parties moved for summary judgment. Cloud requested attorney's fees under 11 U.S.C. § 523(d). The statement of uncontested facts filed by First National Bank of Lincolnshire ("Lincolnshire") was unopposed by Cloud. March 10 order at 1. All material facts are admitted if not contested by the opposing party. N.D.Ill.Bankr.R. 12(m); March 10 order at 2.

The bankruptcy court denied Lincolnshire's motion for summary judgment because it had not met its burden of proving by clear and convincing evidence that Cloud acted with fraudulent intent in making the credit card charges. March 10 order at 6. The court granted Cloud's motion for summary judgment on the ground that her actions were not consistent with a person acting with fraudulent intent. The court did not address or decide Cloud's request for attorney's fees. *Id.* Thirty days after judgment was entered, Cloud again moved for an award of attorney's

fees under 11 U.S.C. § 523(d). The bankruptcy court denied Cloud's motion, finding that Lincolnshire was substantially justified in bringing its complaint. Memorandum opinion and order of June 15, 1989 at 3 (hereinafter "the June 15 order").

## JURISDICTION

■ Lincolnshire argues that the bankruptcy court was without jurisdiction to entertain Cloud's separate motion for attorney's fees because it was not timely filed. Cloud argues that the order granting her motion for summary judgment impliedly granted her request for attorney's fees. She contends that the subsequent motion did not seek to appeal the judgment order, but only enforce it. Lincolnshire takes the opposite view, contending that the failure of the bankruptcy court to specifically grant attorney's fees impliedly denied her fee request. Lincolnshire's opposition at 6–7.

Cloud's request for attorney's fees was timely filed as part of her motion for summary judgment. As the parties' opposing interpretations of the March 10 order indicate, the court's ruling was ambiguously silent with respect to attorney's fees. It is within the bankruptcy court's discretion to clarify an order it issues, and it did so in its June 15 order. Cloud's appeal from the June 15 order was timely filed under Bankr.R. 8002(a). Therefore, this court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a) and Bankr.R. 8001(a).

## DISCUSSION

On appeal, the bankruptcy court's findings of fact are accepted as true unless clearly erroneous. Bankr.R. 8013; *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Where the issues on appeal involve questions of law or the legal significance accorded to facts, this court may conduct a *de novo* review of the record and reach an independent conclusion. *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986).

■ A debtor receives costs and reasonable attorney's fees for defending a de-termination of dischargeability only if the court finds that the position of the creditor in bringing the complaint was not substantially justified. 11 U.S.C. § 523(d). A creditor is not substantially justified when it prosecutes a case knowing that it lacks sufficient evidence to sustain its burden of proof and then fails to establish a single necessary element of its claim. *Manufacturers Hanover Trust Co. v. Hudgins,* 72 B.R. 214, 220 (N.D.Ill.1987). Section 523(d) is not satisfied by a proper motive, but requires the creditor to review its legal position before filing suit to determine if it is substantially justified. *Id.* The bankruptcy court found Lincolnshire's complaint to be substantially justified because it reasonably believed that the record proved that Cloud did not intend to repay the bank when she made charges on her credit card and because the state of the law is uncertain. June 15 order at 3.

■ To succeed on a claim that a debt is nondischargeable under § 523(a)(2)(A), the creditor must prove by clear and convincing evidence that: (1) the debtor obtained the money through knowing or willful misrepresentations; (2) the debtor intended to deceive; and (3) the creditor reasonably relied on the false representations. *First Nat'l Bank of Red Bud v. Kimzey,* 761 F.2d 421, 423–24 (7th Cir.1985). Use of a credit card implies a representation that the debtor intends to pay. R. Ginsberg, 1 Bankruptcy ¶ 13,304 (1988). *See, e.g., Chase Manhattan Bank v. Williams,* 85 B.R. 494, 496 (Bankr.N.D.Ill.1988); *Mercantile Trust Co. Nat'l Assoc. v. Pozucek,* 73 B.R. 110, 111 (Bankr.N.D.Ill.1987). The key issue in nondischargeability determinations involving credit cards is proving by clear and convincing evidence that the debtor did not intend to pay for the charges made on the card. Ginsberg at ¶ 13,304; *Williams,* 85 B.R. at 496.

■ As the bankruptcy court recognized, the evidence constituting proof of intent not to repay credit card charges is subject to differing standards. One approach maintains that fraudulent intent can only be shown by charges made on the card

after it has been revoked by the creditor. *First Nat'l Bank of Mobile v. Roddenberry*, 701 F.2d 927, 932–33 (11th Cir.1983), cited with approval in *Comerica Bank–Midwest v. Kouloumbris*, 69 B.R. 229, 231 (N.D.Ill.1986). Another view is that fraudulent intent can be proven by showing that the debtor knew that he was unable to repay at the time of the charge. *In re LaBuda*, 37 B.R. 47, 48 (Bankr.M.D.Fla. 1984). A third view, growing in acceptance, is that intent to not repay may be proven by all the circumstances surrounding the credit card transaction. *Williams*, 85 B.R. at 499; Ginsberg, at ¶ 13,304. Lincolnshire's complaint is based upon the latter two views. Given the uncertain state of the law in this area, Lincolnshire was substantially justified in believing that it had an adequate basis in law and fact to establish Cloud's fraudulent intent.

The bankruptcy court carefully analyzed the uncontested facts and concluded that Lincolnshire's position was substantially justified under at least one of the three accepted approaches for determining a debtor's intent to defraud in credit card transactions. That approach includes consideration of: (1) the length of time between the credit card charges and the filing of bankruptcy; (2) whether an attorney was consulted concerning the filing of bankruptcy before charges were made; (3) the number of credit card charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges were made; and (6) whether the charges were above the credit limit. *Williams*, 85 B.R. at 499. Proof of only one or two of these factors, if particularly egregious, may be sufficient to find an intent to deceive. *Id.* at 499 citing *Harris "Charge It" Systems v. Deloian*, 60 B.R. 161 (Bankr.N.D.Ill.1986) (all charges made while unemployed).

Lincolnshire submitted a statement of facts based on uncontested documentary evidence, including Cloud's eighteen monthly credit card statements. Cloud's credit card statements show that she failed to make the minimum payment during eight of eighteen months. Although Cloud had an annual income of only $14,000, she used sixteen credit cards with accumulated monthly installment debt twice her income. In addition, Cloud made luxury purchases with her credit cards and continued to charge even during months she could not make her minimum payments. Cloud filed for bankruptcy less than two months after making her last charge on her Lincolnshire card. While the bankruptcy court may have reasonably concluded that this is not clear and convincing evidence of an intent to deceive, the evidence presented was not so insignificant that Lincolnshire could not clearly meet its burden of proof. Therefore, the bankruptcy court's conclusion that Lincolnshire's suit was substantially justified is not erroneous.

## SANCTIONS

Lincolnshire moves for attorney's fees for defending this appeal under Fed.R.Civ.P. 11, Bankr.R. 9011, and 28 U.S.C. § 1927. If an attorney signs pleadings that are not reasonably based in law or fact, or are meant to harass, the court must impose an appropriate sanction that may include expenses incurred by the other party because of the filing of the pleading, motion, or other paper. Fed.R.Civ.P. 11; *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir.1988). Rule 11 has both a subjective and an objective component. *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 931 (7th Cir.1989). A filing interposed for any improper purpose is sanctionable, whether or not it is supported in facts or law. *Id.* at 932. Alternatively, a filing made in good faith is sanctionable if not based upon a reasonable inquiry into the facts and the law. *Id.; Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1435 (7th Cir. 1987). Bankruptcy Rule 9011 imposes sanctions under the same circumstances as Rule 11, with exceptions not relevant here. *Morgan v. Kanak*, 85 B.R. 483, 489 (Bankr.N.D.Ill.1988).

Lincolnshire argues that Cloud's appeal was frivolous because it was not based upon a reasonable inquiry into the law. In response to Cloud's second request

for attorney's fees, both the bankruptcy court and Lincolnshire cited decisions holding that fraudulent intent may be shown by evidence of the circumstances surrounding the credit card transactions. Despite this authority, Cloud continues to maintain that the use of a credit card does not imply a representation to pay recognized under 11 U.S.C. § 523(a)(2)(A). Counsel should not be permitted to rely on opposing counsel or the court to do the legal research necessary to make his case. *Borowski v. DePuy, Inc.*, 850 F.2d 297, 305 (7th Cir.1988). However, having already done so before the bankruptcy court, counsel for Cloud should not have persisted in maintaining a position on appeal that is contrary to law cited by the bankruptcy court and the express basis for the bankruptcy court's decision denying her attorney's fees. It is significant that Cloud's appellate argument is three and one-half pages long and cites only three cases. On appeal, Cloud's argument is that Lincolnshire offered no direct evidence of her intent not to pay for her credit card charges, entirely ignoring authorities cited by the bankruptcy court and Lincolnshire that proof may be made by *circumstantial* evidence. Under Rule 11 and Bankruptcy Rule 9011, an appropriate sanction must be imposed.

■■■■ The court must allocate sanctions between an attorney and client according to their relative responsibility for the Rule 11 violation. *Id.* at 305. The attorney and not the client should bear the sanction for filing papers that violate Rule 11 because they are not supported by existing law or are not a reasonable attempt to modify the law. *Id.* Counsel for Cloud, Michael S. Danian, should bear the costs to Lincolnshire of preparing its appellate brief.

■■■■ The standard for determining whether conduct is sanctionable under 28 U.S.C. § 1927 is different from sanctions under Rule 11. *Insurance Benefit Adm'rs, Inc. v. Martin*, 871 F.2d 1354, 1360 (7th Cir.1989). Sanctions may be imposed under 28 U.S.C. § 1927 when the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice. *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988). Bringing an appeal that is lacking in any plausible legal basis is sanctionable under § 1927 if the attorney acted intentionally. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir.1984). In determining whether an attorney intentionally filed an appeal that lacked any legal basis, the court may look to circumstantial evidence, but should provide counsel with some opportunity to be heard. *Id.* Although Cloud's appeal lacked any plausible legal basis, as noted above, there is little other evidence that her counsel acted intentionally. Unlike Rule 11, sanctions under 28 U.S.C. § 1927 may only be imposed where counsel acted with some degree of culpability. *Id.* In this case, there is insufficient evidence of counsel's intent.

### CONCLUSION

Accordingly, the order of the bankruptcy court denying Cloud's motion for attorney's fees is affirmed. Lincolnshire's motion for sanctions under Fed.R.Civ.P. 11 and Bankr.R. 9011 is granted. Sanctions are imposed on Cloud's counsel, Michael S. Danian. Lincolnshire may file its petition for costs and attorney's fees incurred in connection with preparing its brief for appellee by November 6, 1989. Mr. Danian may file any objections by November 19, 1989.