In re Jose A. ARROYO, Debtor.

AT & T UNIVERSAL CARD SERVICES CORP., Plaintiff,

v.

Jose A. ARROYO, Defendant.

Bankruptcy No. 96–12873–BKC–AJC.
Adv. No. 96–0795–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Jan. 30, 1997.

James Miller.

James Schwitalla, Miami, FL.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court on November 19, 1996, at 10:00 a.m., for trial upon the Complaint for Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2), filed by the plaintiff, AT & T Universal Card Services Corp. ("AT & T"), against the debtor/defendant, Jose A. Arroyo (the "Debtor"). Having heard the testimony of the witnesses and the argument of counsel, having reviewed the exhibits introduced as evidence at trial and the Court file, and being otherwise fully advised in the premises, the Court enters its findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. This Court shall enter a separate judgment conforming with this Court's findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7054.

### FINDINGS OF FACT

This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 157 and 1334 as a core proceeding and pursuant to Title 11 of the United States Code.

On May 10, 1996, the Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). In his petition, the Debtor scheduled a debt to AT & T Master Card in the amount of $4,722.18 for "various personal property." On July 17, 1996, AT & T initiated this adversary proceeding seeking to have the Debtor's debt to it declared nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. The

subject debt, in the approximate amount of $4,765.51, arose from Debtor's pre-petition use of AT & T's unsolicited and pre-approved credit card. AT & T alleged, in pertinent part, that the Debtor had a specific intent to defraud the creditor by accepting the benefits of the credit line without ever intending to repay same, and that the Debtor's actions constituted material misrepresentations that the charges would be repaid. On August 12, 1996, the Debtor filed an answer in which he denied the material allegation of the adversary complaint.

11 U.S.C. § 523(a)(2)(A) provides that:

(a) a discharge under § 727 ... of this title does not discharge an individual debtor from any debt— ...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In order to obtain an exception to discharge, AT & T must prove by a preponderance of the evidence that the Debtor used the AT & T account to obtain money, property, services, or an extension, renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Some cases suggest that the purchase of goods with a credit card constitutes an implied representation by the purchaser that he has both the means and the intent to repay for the goods purchased. *In re Schmidt*, 36 B.R. 459 (Bankr.E.D.Mo.1983); *In re Kramer*, 38 B.R. 80 (Bankr.W.D.La.1984); *In re Ciavarelli*, 16 B.R. 369 (Bankr.E.D.Pa.1982).

If any debtor borrows money or makes purchases on credit with full knowledge that the debt cannot be repaid, or if the evidence indicated that the debtor had no intent of ever repaying the debt, then the creditor has a claim for non-dischargeability. *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir.1996); *In re Carpenter*, 53 B.R. 724 (Bankr.N.D.Ga.

1985); *In re McKinney*, 18 B.R. 607 (Bankr. M.D.Ga.1982).

At trial, which lasted six boring hours, the Court patiently waited for some evidence of fraud related to the credit card debt. Instead, the Court heard testimony about AT & T's office procedures, and how their attorneys evaluate people that file for bankruptcy. The Court also heard testimony about the Debtor's purchase of a forty inch television set after the bankruptcy discharge, and long after the credit was issued, and the Court heard testimony that the Debtor bought some stuff. But the simple fact of the matter is AT & T did not offer a scintilla of evidence of fraud, nor any proof of reliance. The Debtor's credit card account was pre-approved in the amount of $5,000.00. Debtor was never evaluated for credit worthiness, ability to pay, or whether or not he should have had this loan. There was no proof of any misrepresentation or intent not to pay. In fact, the only evidence on that subject came from the Debtor who testified that he always intended to "pay the money back." Moreover, the evidence presented established that the Debtor experienced two significant events in his life which precipitated his bankruptcy. Debtor suffered a protracted and financially devastating dissolution of marriage and subsequent heart attack with attendant reduction in ability to work and medical expense. As discussed in this Court's opinion in the case of *In re Ramirez*, 184 B.R. 859, 862 (Bankr.S.D.Fla.1995), the Court views AT & T's act of filing this adversary proceeding against Debtor as nothing more than a persecution of an honest unfortunate debtor. All these facts were subject to discovery with only minimal investigation. No pre-trial investigation took place. It is clear that plaintiff AT & T does not investigate the credit worthiness of potential customers to whom it offers pre-approved credit and does not investigate the facts to determine if they have a case *before* filing adversary suits to deny discharge.

AT & T has failed to meet its burden of proof, which requires a demonstration by a preponderance of the evidence that the Debtor used the AT & T account to obtain money, property, services, or an extension, renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud. The

Debtor's motion for involuntary dismissal is granted.

■ Section 523(d) of the Bankruptcy Code provides that if a creditor requests a determination of dischargeability of a consumer debt under subsection § 523(a)(2), and such debt is discharged, the court *shall* grant judgment in favor of the debtor for the costs and a reasonable attorney's fee for the proceeding if the court finds that the position of the creditor was not substantially justified. The factual situation underlying this action more than meets the criteria of § 523(d). The Court finds that AT & T's act of bringing this non-dischargeability action against the Debtor was not substantially justified. It was substantially **unjustified**. This adversary proceeding has the smell of a bad faith filing.

The record reflects that prior to filing the adversary complaint, AT & T conducted no pre-filing discovery, nor did a representative of AT & T attend Debtor's 11 U.S.C. § 341 Meeting of Creditors. Counsel for the Debtor was required to file an answer to the adversary complaint (C.P. # 6); attend the deposition of the Debtor and depose AT & T's witness, Leslie Gartin; respond to a Request for Admissions (C.P. # 7), respond to a Request for Production (C.P. # 8), respond to Interrogatories (C.P. # 10); prepare and file an opening statement and memorandum of law (C.P. # 11); prepare and file a Motion to Compel Production of Documents (C.P. # 14); prepare for the trial in this matter as well as appear for pre-trial conference and thereafter sit through a six hour trial which deprived the Debtor of a days work, wasted the time of all concerned, and prevented Debtor's counsel from doing other productive work. Pursuant to 11 U.S.C. § 523(d), Counsel for the Debtor is awarded attorneys' fees in the amount of $7,200.00, and a fee enhancement in the amount of $5,000.00. AT & T is ordered to pay the total sum of $12,-200.00 to Debtor's counsel. Accordingly, it is

**ORDERED** that this adversary proceeding is dismissed with prejudice, at cost to the plaintiff, AT & T.