In re Michael R. HALE, Debtor.

SIGNET BANK/VIRGINIA, Plaintiff,

v.

Michael R. HALE, Defendant.

Bankruptcy No. 91–06426–9P7.
Adv. No. 91–536.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 22, 1992.

Andrew S. Forman, Tampa, Fla., for plaintiff.

Michael P. Jones, Naples, Fla., for debtor, defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of certain debts owed by Michael R. Hale (Debtor) to the Plaintiff, Signet Bank/Virginia (Plaintiff), arising from the Debtor's use of a Mastercard issued to him by the Plaintiff. The Plaintiff's claim of nondischargeability is based on both § 523(a)(2)(A) and § 523(a)(2)(B) of the Bankruptcy Code. The Court finds that the facts relevant to a resolution of this matter are as follows:

The Debtor is a construction worker who currently lives and works in Naples, Florida. Previously, the Debtor resided in Illinois where, on March 21, 1990, the Debtor responded to an invitation extended to him by the Plaintiff to apply for a credit card. The Debtor filled out the form sent to him by the Plaintiff and indicated that he would like to have a credit line up to $5,000.00. On his application, the Debtor stated his monthly income as $12,000. The Debtor also stated on the application that he was employed as a "millwright" and was with his present employer for two years and three months. (Plaintiff's Exh. # 1). Before issuing the credit card, the Plaintiff ordered a credit report. The report received by the Plaintiff did not reveal any negative, detrimental information although, of course, it did not furnish any information either concerning the Debtor's income, employment history, assets, or liabilities. Most significantly, the credit report did not state the Debtor's fixed, recurring monthly obligations and the funds needed to meet his living expenses. Based on this application, the Plaintiff issued a Mastercard to the Debtor and set his initial credit limit at $3,500.

The Debtor, as soon as he received the card, immediately started to use the card. During the period from May through October of 1990, the Debtor obtained cash advances of almost $1,500 and also made purchases totalling approximately $3,160. While he did send the Plaintiff a check for $2,500 in July of 1990, this check was returned for insufficient funds. By March 30, 1991, the total outstanding balance on the Debtor's account, including interest and finance charges, was $5,164.16.

On May 16, 1991, after relocating to Florida, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code. In the Statement of Financial Affairs filed with his petition, the Debtor stated under penalty of perjury that his total income for

1989 was $30,346, and for 1990 it was $5,520.50. The Plaintiff was listed on the Debtor's Schedule A–3 as an unsecured creditor.

■ The Plaintiff timely filed a Complaint to determine dischargeability of the debt due and owing to it by the Debtor, which is the matter currently under consideration. The claims asserted by the Plaintiff set forth in the Complaint are based on both § 523(a)(2)(A) and § 523(a)(2)(B) of the Bankruptcy Code. While the Plaintiff at trial urged and relied on § 523(a)(2)(B), ostensibly because the income statement on the credit card application was clearly false, it is evident that this is not a case based on § 523(a)(2)(B), but can only be based on § 523(a)(2)(A). This is so because the credit card application completed by the Debtor did not constitute a statement "respecting the debtor's ... financial condition" which is one of the elements that must be proven in a case under § 523(a)(2)(B). 11 U.S.C. § 523(a)(2)(B)(ii). For instance, the application for the credit card did not require any information regarding the Debtor's liabilities and nothing regarding his assets, except that he owned rather than rented his home. It equally failed to furnish any information regarding whether the home was encumbered and if so, to what extent were the contractual obligations of the mortgage. In sum, the credit card application includes scant information, if any, regarding the Debtor's financial condition. It is evident that it is impossible even for a lender endowed with clairvoyance to learn the true financial condition of the applicant based on an application for a credit card which, for reasons stated above, could not possibly qualify as a statement in writing respecting the Debtor's financial condition. Thus, the Plaintiff's Complaint of nondischargeability must fail to the extent it is based on § 523(a)(2)(B) of the Bankruptcy Code.

■ This leaves for consideration the Plaintiff's Complaint based on § 523(a)(2)(A) of the Bankruptcy Code. To prevail on the Complaint, the Plaintiff must prove that the damages suffered by it are based on the Debtor's reckless use of the credit card when he knew or should have known that because of his financial condition, he could never live up to his obligation to repay the charges he incurred by using the credit card issued by the Plaintiff. Section 523(a)(2)(A) provides in pertinent part as follows.

§ 523. Exemptions to Discharge.

(a) A discharge under sections 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition;*

■ Initially, it should be noted that the overriding purpose of the Bankruptcy Code is to provide the debtor with a "fresh start" by releasing him from virtually all of his debts. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Applying this clearly stated policy, the exceptions to discharge delineated in § 523 of the Bankruptcy Code are construed narrowly against a creditor and liberally in favor of the debtor. *In re Hunter,* 780 F.2d 1577 (11th Cir.1986). Thus, a creditor filing a complaint under § 523 bears the burden of proving that its particular claim falls within one of the exceptions listed in that section. Under the recent Supreme Court case of *Grogan v. Garner,* 498 U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), this burden is met by a mere preponderance of the evidence.

The purchase of goods with a credit card constitutes an implied representation by the purchaser that he has both the means and the intent to pay for the goods purchased. *In re Schmidt,* 36 B.R. 459 (Bankr.E.D.Mo.1983). Thus, if the cardholder uses the card to purchase goods or to obtain cash advances while knowing that the charges cannot be paid, or if evidence indicates that the cardholder should have known that the charges could not be paid, the creditor has established a claim of non-

dischargeability. *In re Carpenter*, 53 B.R. 724 (Bankr.N.D.Ga.1985).

 In less than one year, the Debtor had approximately 68 charges on his newly-acquired credit card, charging an amount equal to his total wages earned in 1990. It is undisputed that the Debtor earned slightly more than $5,500 in 1990; clearly he knew or should have known that he could not possibly meet the obligations he incurred on this card which nearly exceeded his entire income for the year. Furthermore, at the time he filed his petition, the Debtor had virtually no property, and there is nothing in this record to indicate that his financial status one year earlier was much different. In his sole attempt to pay a portion of his debt to the Plaintiff, the Debtor issued a check to the Plaintiff which was returned for insufficient funds.

In light of the fact that this Court is satisfied that the Plaintiff established a viable claim of nondischargeability based on § 523(a)(2)(A), it is unnecessary to consider whether the Plaintiff was justified to rely on the income statement of $12,000 per month stated on the Debtor's credit card application. For the purpose of discussion, however, it should be noted that it is undisputed that the Debtor never had an income in his life of $12,000 a month and at the time relevant, he earned $12.00 per hour. The Debtor in his Answer, in a statement described as an affirmative defense, asserted that the computation of his monthly income was an innocent mistake and was not done with the intention to defraud the Plaintiff and that he intended to indicate that his income was $12.00 per hour and not $12,000 per month. One might justifiably conclude that this figure should have raised a red flag in the mind of a reasonable lender. However, since the credit card limit granted was $3,500, one might also conclude that the Plaintiff was reasonable in relying on the Debtor's statement. Be that as it may, under the facts of this case, this Court is satisfied that this record justifies a conclusion that the debt owed by the Debtor to the Plaintiff should be excepted from the provisions of the discharge in bankruptcy by virtue of § 523(a)(2)(A) of the Bankruptcy Code. According to the foregoing, a separate Final Judgment shall be entered.

DONE AND ORDERED.