959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SIGNET BANK, Plaintiff-Appellee,
v.
Eric Edward KEYES; April Elaine Keyes, Defendants-Appellants.
 No. 91-8039.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Eric and April Keyes (Debtors) appeal the district court's order affirming the bankruptcy court decision holding Debtors' credit card debt owed to Plaintiff Signet Bank (Bank) nondischargeable under 11 U.S.C. § 523(a)(2)(A). The primary issue presented is whether the bankruptcy court erred in granting the Bank's motion for summary judgment. This court will review the bankruptcy and district courts' summary judgment determinations de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). See generally Citizens Nat'l Bank & Trust Co. v. Serelson (In re Burkart Farm & Livestock), 938 F.2d 1114, 1115 (10th Cir.1991) (in reviewing bankruptcy court decisions, appellate courts apply same standards of review that govern appeals in other cases).
 
 
 3
 Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bankr.R. 7056; Fed.R.Civ.P. 56(c). Upon consideration of the record and the parties' appellate arguments, we affirm.
 
 
 4
 The undisputed facts, viewed in the light most favorable to Debtors, are as follows: In October 1989, Debtors received from the Bank an unsolicited invitation to apply for a preapproved credit card with a credit limit of up to $5,000. Debtors completed the Bank's "Acceptance Certificate" and returned the Certificate to the Bank. At the time Debtors returned the Certificate, Debtors knew that they would eventually have to file for bankruptcy relief, due to a debt Eric Keyes owed the Veterans Administration in the amount of $22,661.87, the result of a deficiency in an earlier foreclosure proceeding. As a result of their completing the Bank's Certificate, Debtors received two credit cards from the Bank with a total credit limit of $4,000.
 
 
 5
 Between November 2 and November 21, 1989, Debtors used the credit cards to incur charges or receive cash advances totalling $4,407.03. Debtors used $3,300 of that amount to pay off other creditors and consolidate their debts under the lower interest rate offered by the Bank's credit cards. Although Debtors failed to make a single payment on the balance owed the Bank as a result of these charges, they contend that they "fully intended to pay all amounts due on this credit card when the charges were made." Appellants' App., ex. 10.
 
 
 6
 Debtors assert that, in December 1989, it became imperative for them to file for bankruptcy relief in order for Eric Keyes, a captain in the Wyoming National Guard, to obtain a security clearance necessary for his job. Debtors filed for Chapter 7 bankruptcy relief in March 1990.
 
 
 7
 The Bank commenced this adversary proceeding July 10, 1990, seeking to prevent the discharge of this credit card debt under 11 U.S.C. § 523(a)(2). Debtors responded to the complaint, on August 8, with a motion to dismiss or, in the alternative, a motion for a more definite statement. The Bank filed its motion for summary judgment September 26. Debtors responded to the summary judgment motion, filing a pleading in opposition to summary judgment which was supported by Debtors' affidavit.
 
 
 8
 The bankruptcy court scheduled a hearing on Debtors' motion to dismiss for October 10. At that hearing, however, the bankruptcy court summarily denied the motion to dismiss and heard argument on the summary judgment motion. Following the hearing, the bankruptcy court granted the Bank summary judgment.
 
 
 9
 On appeal, Debtors first argue that the bankruptcy court erred in summarily denying their motion to dismiss. Federal Rule of Civil Procedure 9(b), applicable to adversary proceedings in bankruptcy under Bankr.R. 7009, Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 180 (10th Cir.1991), requires that, "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Reviewing the complaint de novo, Seattle-First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir.1986), we agree with the bankruptcy and district courts that the Bank pleaded fraud with sufficient particularity.
 
 
 10
 Debtors further contend that the bankruptcy court, in summarily denying their motion to dismiss at the outset of the hearing, deprived Debtors of due process. This argument also lacks merit.
 
 
 11
 Next, Debtors argue that the bankruptcy court failed to give the parties adequate notice that the summary judgment motion would be addressed at the October 10 hearing. Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy by Bankr.R. 7056, In re Edmonds, 924 F.2d at 180, provides that a court must hold a hearing on a summary judgment motion no earlier than ten days after the motion has been served on opposing counsel. See Geear v. Boulder Community Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988). Rule 56(c), however, does not require a formal evidentiary hearing with oral argument; "[r]ather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Id. Debtors had adequate notice of, and an opportunity to respond to, the Bank's motion for summary judgment. Debtors did respond by filing a pleading in opposition to summary judgment. Because Debtors had a sufficient opportunity to respond to the summary judgment motion, the fact that the bankruptcy court provided an additional opportunity for the parties to address the motion through oral argument, without prior notice, did not prejudice Debtors.
 
 
 12
 Debtors next assert that the bankruptcy court's consideration of the summary judgment motion was premature because discovery was still ongoing. There is no requirement that discovery be complete before summary judgment is awarded. Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985). Debtors filed a pleading in opposition to summary judgment, accompanied by a supporting affidavit. In the alternative, Debtors could have filed an affidavit under Rule 56(f), asserting that they could not present facts essential to their opposition and requesting a continuance of the court's consideration of the summary judgment motion until completion of discovery. See Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir.1986). The record indicates Debtors failed to file such an affidavit.
 
 
 13
 "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Id. The bankruptcy court, therefore, did not err in awarding summary judgment prior to the completion of discovery.
 
 
 14
 Debtors further contend, however, that summary judgment was not "otherwise appropriate" on the issue of the nondischargeability of their credit card debt. 11 U.S.C. § 523(a)(2)(A) provides that a debt is not dischargeable if obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition." In order to establish the nondischargeability of a debt under § 523(a)(2)(A), therefore, the Bank had to establish, by a preponderance of the evidence, see Nelson v. Tsamasfyros (In re Tsamasfyros), 940 F.2d 605, 607 (10th Cir.1991), that Debtors made a false representation or a willful misrepresentation, with the intent to deceive the Bank, and upon which the Bank reasonably relied to its detriment. See First Bank v. Mullet (In re Mullet), 817 F.2d 677, 680 (10th Cir.1987).
 
 
 15
 Debtors' use of the credit cards to charge purchases and to obtain cash advances implied a representation by the Debtors to the Bank that Debtors had the ability and the intention to pay the obligations incurred. See, e.g., First Nat'l Bank v. Cloud (In re Cloud), 107 B.R. 156, 159 (N.D.Ill.1989); FCC Nat'l Bank v. Bartlett (In re Bartlett), 128 B.R. 775, 779-80 (Bankr.W.D.Mo.1991). Debtors contend, however, that they did not make these representations with the intent to deceive the Bank.
 
 
 16
 The parties do not dispute the historical facts underlying these credit card transactions. Those facts indicated that Debtors applied for and accepted credit cards from the Bank while experiencing severe financial difficulties and while aware that they would eventually have to file for bankruptcy relief. Upon receiving the credit cards, Debtors incurred a large amount of debt in a very short period of time, exceeding their credit limit. Most telling, Debtors failed to make even a single payment to the Bank on their credit card obligation, despite a three-month period between incurring these debts and filing for bankruptcy. These undisputed facts are sufficient to permit the court to infer that Debtors intended to deceive the Bank because they incurred these obligations with no intention or ability to pay them. See generally Citibank S.Dak., N.A. v. Dougherty (In re Dougherty), 84 B.R. 653, 657 (9th Cir. BAP 1988) (discussing twelve objective factors which courts consider in determining whether debtor incurred credit card debt with no intention of paying that obligation).
 
 
 17
 Faced with a properly supported summary judgment motion, Debtors could not rest on mere allegations or denials, but rather were required to assert specific facts which would create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). In light of the undisputed evidence establishing Debtors' intent to deceive the Bank by incurring credit card obligations with no intention of paying those debts, Debtors' unsupported assertions that they did intend to satisfy these obligations were insufficient to create a genuine issue for trial. Summary judgment was, therefore, appropriate. See id. (summary judgment appropriate, even when party's state of mind is at issue, if party fails to assert specific facts establishing genuine issue for trial).
 
 
 18
 Debtors also argue that, had they been allowed to complete discovery, they may have been able to establish the existence of a genuine issue of material fact concerning the reasonableness of the Bank's reliance on Debtors' misrepresentations. Because Debtors failed to file a Rule 56(f) affidavit seeking to continue the bankruptcy court's consideration of the summary judgment motion until discovery was completed, Debtors cannot now assert that a genuine issue of fact might have been established through further discovery.
 
 
 19
 Finally, Debtors assert that the bankruptcy and district courts erred by failing specifically to address the issue of the Bank's reasonable reliance on Debtors' misrepresentations. Where the misrepresentation at issue is a debtor's implied misrepresentation to a credit card issuer, arising from the debtor's use of the card, reliance is also implied. See Citicorp Credit Servs., Inc. v. Hinman (In re Hinman), 120 B.R. 1018, 1022 (Bankr.D.N.D.1990) ("Reliance on the part of the issuer is inherent in the [credit card] system because a card holder in using the credit card forces the issuer to honor its guarantee to the merchant."). Absent "red flags" which would put the creditor on notice that further inquiry is necessary, the Bank's continued reliance on Debtors' implied representations was reasonable. Cf. First Deposit Servs. Corp. v. Preece (In re Preece), 125 B.R. 474, 478 (Bankr.W.D.Tex.1991) (reasonable reliance is established if, after having acted diligently and following normal business practices in initially extending debtor credit, there was nothing to put creditor on "notice of anything being amiss"). But cf. Manufacturer's Hanover Trust Co. v. Ward (In re Ward), 857 F.2d 1082, 1085 (6th Cir.1988) (reliance on debtor's implied representations is unreasonable if creditor failed to obtain credit report before issuing card) (dicta). It was, therefore, not reversible error for the bankruptcy and district courts not to address specifically the issue of the Bank's reliance.
 
 
 20
 The judgment of the United States District Court for the District of Wyoming, affirming the bankruptcy court's decision is, therefore, AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3