In re Hileman Lee MELTON, SS# 384–60–4214, Maria–Susan Pontejos Melton, SS# 521–95–2000, Debtors.

**HOUSEHOLD CREDIT SERVICES, Plaintiffs,**

v.

**Hileman Lee MELTON, and Maria–Susan Pontejos Melton, Defendants.**

Bankruptcy No. 97–16161 MSK.
Adversary No. 97–1552 CEM.

United States Bankruptcy Court, D. Colorado.

Feb. 2, 1998.

---

Brenna Francy, Meinster & Francy, P.C., Denver, CO, for Plaintiff.

Thomas R. Kutz, Denver, CO, for Defendants.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

CHARLES E. MATHESON, Chief Judge.

This matter was set for trial to commence on December 19, 1997. In advance of that trial, Debtor/Defendant, Hileman Lee Melton ("Defendant"), filed a Motion for Summary Judgment ("Motion") to which Plaintiff, Household Credit Services ("Plaintiff") responded conceding that the Defendant is entitled to summary judgment. Consequently, this Court vacated the trial and issues this opinion and order on the Motion.

The claims remaining in this case are those against the defendant, Hileman Lee Melton. The allegations against him are brought pursuant to 11 U.S.C. § 523(a)(2)(A) with respect to the use of a credit card issued by the Plaintiff.

Marie Melton, the codebtor in this case, was originally named as a codefendant in this action. When the Debtors filed their answer, however, they represented that the credit card was issued in the name of Hileman Melton only. At that time Debtors appeared pro se. At the Fed.R.Civ.P. 16 scheduling

conference held on September 17, 1997, the Court questioned Plaintiff's counsel about the merits of and the factual basis for the allegations against Marie Melton. Counsel could not offer a factual basis at that time and the Court afforded Plaintiff the opportunity to consider the question and admonished Plaintiff that if it was later determined that the claims against Marie Melton were meritless, counsel for Plaintiff could be subject to sanctions under Fed.R.Bankr.P. 9011 and section 523(d) of the Code. This Court also urged the Debtors at that time to obtain counsel.

Thereafter, on October 1, 1997, counsel entered an appearance on behalf of the Meltons and filed an amended answer, the initial disclosures required by Fed.R.Civ.P. 26 and a motion to dismiss the Complaint against Marie Melton. The motion to dismiss included a request for attorney's fees. The Court promptly set the matter for a hearing and on the eve of that hearing, almost a month later, the Plaintiff filed a written response acknowledging that Mrs. Melton's dismissal was appropriate. In light of that, this Court vacated the hearing and issued an order dismissing the claim against Marie Melton but reserved for trial the question of whether attorney's fees should be awarded to Mrs. Melton.

On December 2, 1997, Mr. Melton filed Defendant's Motion for Summary Judgment ("Defendant's Motion") supported by the admissions of the Plaintiff. On October 1, 1997, Defendant had issued discovery requests, including requests for admission, to the Plaintiff. The Plaintiff did not respond and, pursuant to Fed.R.Civ.P. 36(a), matters of which admission is requested are deemed admitted. The facts established by admission are as follows:

1. Plaintiff performed no independent investigation of the Debtor(s) [sic] financial circumstances before making its solicitation to obtain Defendants [sic] business;

2. Plaintiff made no investigation of the Defendants [sic] financial circumstances prior to increasing the Defendants [sic] credit limit; and

3. Plaintiff has no information or documents provided by the Defendant that contain false or fraudulent representations of the Defendants [sic] financial circumstances, ability to make payments, or intentions regarding repayment upon which Plaintiff relied.

On that basis only, Defendant moves for summary judgment in his favor and against Plaintiff. In addition, Defendant requests an award of attorney's fees in the amount of $612 plus costs of $22.00 for his services in connection with this case "as the prevailing party and, pursuant to F.R.Civ.P. 54 and applicable Bankruptcy Law." Defendant's Motion at ¶ 9. That request is supported by the affidavit of Counsel for Defendant.

In response, Plaintiff explicitly concedes that Defendant is entitled to summary judgment but opposes his request for attorney's fees. Plaintiff urges that its case was substantially justified—that had it answered the admissions, it would have denied that it had not conducted any investigation prior to extending Defendant credit. In addition, Plaintiff argues that Defendant had failed to provide a basis for an award of attorney's fees.

Because Plaintiff has conceded that Defendant is entitled to summary judgment, it is appropriate that judgment be entered in favor of the Defendant and against the Plaintiff dismissing the Complaint with prejudice. The lingering question as to both Defendants is their respective entitlement to attorney's fees. This Court had already announced the law which governs the award of fees in this case at the time of the scheduling conference—section 523(d) of the Code and Rule 9011. Section 523(d) of the Code provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Rule 9011 provides in pertinent part:

The signature of an attorney ... constitutes a certificate that the attorney ... has

read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case....

The complaint in this case contains, for the most part, generic allegations with respect to Plaintiff's claims. The only specific allegations plead are that on January 22, 1995, Hileman and Marie Melton applied for and were granted a credit card from the Plaintiff; that between September 1996 and December 1996, the Defendants incurred charges of over $9,000 with the card; and that the Meltons filed their Chapter 7 case on May 1, 1997.

 As the case evolved, what became readily apparent was that the Plaintiff had no basis for a claim against Marie Melton and had not investigated whether it did. Yet, Plaintiff did not dismiss her voluntarily even following this Court's admonition at the Rule 16 conference. Instead, Defendants were compelled to file a motion and the Court to set a hearing before Plaintiff would take a position. It finally admitted that the debt was not a joint debt and that dismissal of Marie Melton was appropriate. Consequently, Plaintiff's counsel should be sanctioned under Fed.R.Bankr.P. 9011. In addition, because the debt sought to be determined to be nondischargeable under section 523(a)(2) by Plaintiff was discharged, the application of section 523(d) is triggered.

It is well established that the standard implicit in Rule 9011 is an objective one as to what a reasonable attorney would do under the circumstances. *White v. General Motors Corp., Inc.*, 908 F.2d 675 (10th Cir.1990). It is meant to impose on counsel the need to "stop, look and listen," before signing and filing documents. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988) citing *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3rd Cir.1986).

Counsel for Plaintiff filed a complaint against Marie Melton without conducting any investigation of even the simplest nature to determine whether she had also applied for the credit card with Mr. Melton and, if so, whether she had been issued one. The fact that Plaintiff may have had a reasonable basis for a claim against Mr. Melton does not absolve Counsel of her responsibility to investigate as to both. See *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1158 (10th Cir.1991)

The Tenth Circuit in *White* has outlined certain factors to be considered when imposing sanctions. They include the offending party's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved and other factors as are deemed appropriate in individual circumstances. *White*, 908 F.2d at 684–685.

Plaintiff's counsel, Brenna Francy, has signed many pleadings on behalf of creditor clients and is not new to this Court or to the bankruptcy arena. She has appeared before this Court on occasion. This is the first occasion, however, on which this Court has had to consider sanctioning Ms. Francy. Thus, there is no past history. Nevertheless, this violation is severe. Clearly, Counsel had not investigated the claim against Mrs. Melton prior to signing and filing the complaint. Even when it was called to her attention first by the Meltons in their answer, then through her partner (who appeared on her behalf at the Rule 16 scheduling conference) and then via the Court's minutes of that proceeding which were served on her, she did not dismiss Mrs. Melton. It took a motion to dismiss and a hearing on that motion to prompt action. This Court has no basis to attribute malice or bad faith to counsel. However, this type of cavalier pleading in credit card cases is particularly invidious. It is calculated to place pressure on consumer debtors—who are ill prepared financially to engage in litigation—in order to extract some sort of settlement from them. Conduct of this sort must be deterred and *White* dictates that the sanction imposed must be the minimum amount necessary to deter future miscon-

duct. *White*, 908 F.2d at 684. Accordingly, this Court imposes a sanction of $500.00 against Ms. Francy[1] pursuant to Fed. R.Bankr.P. 9011 to be paid to Defendant, Marie Melton, on or before twenty (20) days from the date of entry of this order.

■■■ Section 523(d) builds in its own sanction for this sort of unjustified lawsuit measured by a reasonable fee and costs. In light of the groundless nature of the complaint against Mrs. Melton and the frequency with which this Court sees such carelessness on the part of plaintiffs' counsel in these actions, it is appropriate that fees and costs be awarded.

Debtors' counsel submitted his affidavit of fees and costs in connection with the motion for summary judgment. The amount billed is $612.00 for fees and $22.00 for costs. The bill is not itemized so it is not evident what amount was incurred after Ms. Melton's dismissal on October 30, 1997. Regardless, the amount of fees and costs sought by Debtors' counsel are facially very reasonable for services incurred in connection with this case and the record gives clear indication of the pleadings that were prepared and filed by Counsel before Marie Melton was dismissed.

The record reflects that the scheduling conference at which this Court admonished Debtors to obtain counsel was held on September 17, 1997. Approximately two weeks later, Debtors' counsel entered his appearance, filed an amended answer, filed his Rule 26 disclosures and a motion to dismiss. At the same time, he issued a set of interrogatories, request for production of documents and request for admissions tailored to this case. Debtors' counsel responded quickly, thoroughly and effectively for less than $650.00 including the time spent on the preparation and filing of the Motion for Summary Judgment.

A trial court has broad discretion in determining the amount of a fee award and, while it is important that the court provide the appellate court with a "concise but clear explanation of its reasons for fee awards," *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir.1986) citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), the trial court need not "identify and justify each disallowed hour" or "announce what hours are permitted for each legal task." *Mares*, 801 F.2d at 1202. The fee awarded must be a "reasonable" fee, not necessarily the "right" or the exact fee. Here, from this Court's experience and review of fee requests and considering the services performed in this case by her counsel prior to her dismissal, this Court must conclude that a reasonable fee to be awarded to Marie Melton against Plaintiff is $400.00 and costs of $22.00.

■■■ The grant of summary judgment in favor of Hileman Melton results in dismissal of this case, discharge of the Plaintiff's debt and triggers the section 523(d) sanction. Section 523(d), however, provides a "safe harbor" for the Plaintiff if its position was substantially justified. The Defendant argues that "Plaintiff lost its opportunity to prove its case or demonstrate whether or not it's (sic) case was substantially justified by failing to follow the provisions of Rule 36 F.R.Civ.P." Reply to Plaintiff's Response to Motion for Summary Judgment, ¶ 3. Facially, Debtor/Defendant's argument is appealing but it warrants further examination.

The Debtor's Motion was a defensive motion which places the burden on the movant to show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the bur-

1. The award is against counsel only. There has been no showing that Plaintiff was directly involved in the sanctioned conduct. In addition, this award is not calculated to compensate Mrs. Melton for attorney's fees incurred, the reasonableness of which are addressed later in the opinion. Rather, it is intended to deter abuses such as this in the future and punish the present one. "Although the rule specifically allows the award of attorney's fees to the opposing party as an appropriate sanction, the award of fees 'is but one of the several methods of achieving the various goals of Rule 11'." *White*, 908 F.2d at 682 citing *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). Deterrence is the primary goal of the sanction. *Id.* citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392–94, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990).

den shifts to the nonmoving party to identify specific facts that show the existence of a genuine issue of material fact. *Thomas v. International Business Machines,* 48 F.3d 478, 484 (10th Cir.1995).

> What facts are material depends on the substantive law being applied. Although we view the evidence in the light most favorable to the party opposing summary judgment, disputes about immaterial facts will not preclude summary judgment. Should a nonmoving party make some showing on a material issue, we must consider the standard of proof in the case and decide whether the showing is sufficient for a reasonable trier of fact to find for the nonmoving party on that issue. A scintilla of evidence in favor of the nonmoving party is not enough to preclude summary judgment. Moreover, should a nonmoving party not make a sufficient showing on any essential element of his case, all other facts are rendered immaterial, and summary judgment is appropriate.

*Kaiser–Francis Oil Co. v. Producer's Gas Co.,* 870 F.2d 563, 565 (10th Cir.1989) (citations omitted).

█ The Defendant based his Motion on the admissions established by Plaintiff's failure to answer the Defendant's discovery. The admissions went exclusively to the question of justifiable reliance, an element, among others, which the Plaintiff has the burden of establishing at the time of trial. But what must the plaintiff prove to prevail in a section 523(a)(2)(A) complaint? In other words, what is material? The elements of section 523(a)(2)(A) that a plaintiff must prove by a preponderance of the evidence are that: (1) the debtor made a representation; (2) at the time debtor made the representation it was false and he knew it was false; (3) the representation was made with intent to deceive; (4) the plaintiff justifiably relied (*Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)); (5) to plaintiff's detriment. *In re Mullet,* 817 F.2d 677, 680 (10th

Cir.1987); *In re Bixel,* 215 B.R. 772 (Bankr. S.D.Cal.1997).

This case involves the Debtor's use of a credit card well over a year after the credit card company issued it to him. Typically such credit is extended to a borrower without any direct face to face contact. He uses the credit card to purchase goods from a merchant or to obtain a cash advance. The transaction is instantaneous. Consequently, the nature of the representation by the Defendant and the reliance by the Plaintiff must be analyzed slightly differently than the traditional common law misrepresentation case presented under section 523(a)(2)(A). See *Field v. Mans,* 516 U.S. at 68–70, 116 S.Ct. at 443 ("the [substantive terms in section 523(a)(2)(A)] refer to common-law torts, and the [substantive terms in section 523(a)(2)(B)] do not.").

The majority of courts have approached these cases by holding that the use of a credit card implies a representation that the cardholder has the ability and intends to repay the debt. *In re Eashai,* 87 F.3d 1082, 1087 (9th Cir.1996);[2] *In re Anastas,* 94 F.3d 1280, 1285 (9th Cir.1996); *In re Hinman,* 120 B.R. 1018 (Bankr.D.N.D.1990). The Tenth Circuit, in an unpublished decision predating the Ninth Circuit opinions, signaled its endorsement of the majority view. *Signet Bank v. Keyes (In re Keyes)* 959 F.2d 245, 1992 WL 66723 at p. 3 (10th Cir.1992)(Unpublished Disposition). There is some split of authority as to whether the implied representation is only of the intent, but not the ability, to repay. Recently, the Ninth Circuit "emphasize[d] that the representation made by the cardholder in a credit card transaction is not that he has an *ability* to repay the debt; it is that he has an *intention* to repay. Indeed, section 523(a)(2) expressly prohibits using a non-written representation of a debtor's financial condition as a basis for fraud." *In re Anastas,* 94 F.3d at 1285; *In re Bixel,* 215 B.R. at p. 775–76 citing *In re Anastas.*

█ For purposes of trial, it is not enough for the credit card issuer to simply

---

**2.** Having noted that, the Ninth Circuit in *Eashai,* a credit card kiting case, rejected the implied representation theory in favor of the "totality of the circumstances" test. That test employs the factors listed in *In re Dougherty,* 84 B.R. 653, 657 (9th Cir. BAP 1988) to determine whether the debtor incurred charges with no intent to repay.

rest on the implied representation of an intent to repay. The Plaintiff still has the burden of proving that the representation was false and was made with an intent to deceive. *In re Bixel*, 215 B.R. at p. 774–75. Accord *In re Keyes*, 1992 WL 66723 at p. 3; *In re Hinman*, 120 B.R. at 1021. Generally, intent must be proved circumstantially and courts have come to rely on a twelve factor laundry list[3] to determine whether the debtor intended to deceive the creditor. *In re Hinman*, 120 B.R. at 1021; *In re Anastas*, 94 F.3d at 1284 n. 1; *In re Keyes*, 1992 WL 66723 at p. 3, all citing *In re Dougherty*, 84 B.R. 653, 657 (9th Cir. BAP 1988).

 The Plaintiff also has the burden as to the element of justifiable reliance. Accord *In re Anastas*, 94 F.3d at 1286; *In re Mullet*, 817 F.2d at 680; *In re Faulk*, 69 B.R. 743, 748 (Bankr.N.D.Ind.1986). "In the context of credit card debt, 'the card issuer justifiably relies on a representation of intent to repay as long as the account is not in default and any initial investigations into a credit report do not raise red flags that would make reliance unjustifiable'." *In re Bixel*, 215 B.R. at p. 777 citing *In re Anastas*, 94 F.3d at 1286. Also, in its unpublished decision, the Tenth Circuit went a little farther when it held "[w]here the misrepresentation at issue is a debtor's implied misrepresentation to a credit card issuer, arising from the debtor's use of the card, reliance is also implied." *In re Keyes*, 1992 WL 66723 at p. 3 citing *In re Hinman*, 120 B.R. 1018 at 1022. However, that presumption of reliance may be rebutted or refuted by demonstrating that there were "red flags" which should have alerted the creditor to the debtor's financial instability. *In re Eashai*, 87 F.3d 1082, 1091 (9th Cir.1996) ("If the creditor had warning that the debtor's account was in danger of default, the creditor will not be able to establish justifiable reliance... [B]y

making minimum payments the debtor almost guarantees that his account will never raise a red flag."); *In re Anastas*, 94 F.3d 1280, 1286 (9th Cir.1996) ("The credit card issuer justifiably relies on a representation of intent to repay as long as the account is not in default and any initial investigations into a credit report do not raise red flags that would make reliance unjustifiable.").

This Court is persuaded by the logic of the "implied representation" theory when debtor's use of the credit card is at issue. As intimated by the Tenth Circuit in the *Keyes* case, the elements which are established by implication are the first, the debtor's representation that he intends to repay the debt, and the fourth, that, absent red flags, the creditor justifiably relied. The Plaintiff still has the burden as to all other elements including proving that the representations were false and made with the intent to deceive. The *Dougherty* factors, also cited by the Circuit in *Keyes*, offer a framework within which to determine that intent circumstantially.

 Returning, then, to the case before the Court, the facts which are "material" in the context of a section 523(a)(2)(A) complaint are those that go to each element that the Plaintiff must prove. If two elements of Plaintiff's case are implied, the Debtor's representation and the creditor's reliance, would the Debtor's Motion have been sufficient to shift the burden to the Plaintiff to come forward with evidence in support of its case as to all other elements? In other words, did the Debtor, by his motion, demonstrate the absence of evidence to support the Plaintiff's case as required by *Celotex?* This Court thinks not but need not answer those questions in the context of the Motion because Plaintiff has conceded the Debtor is entitled to summary judgment in his favor.

---

**3.** The nonexclusive list includes the following: (1) The length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debt-

or made multiple charges on the same day; (8) whether or not the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities. *In re Dougherty*, 84 B.R. 653, 657 (9th Cir. BAP 1988) citing *In re Faulk*, 69 B.R. 743, 757 (Bankr.N.D.Ind.1986).

The section 523(d) question—whether Plaintiff's case was substantially justified—is answered in part by the analysis of what is "material" for purposes of the Motion for Summary Judgment. If Plaintiff's reliance is implied and the evidence established by the admissions do not speak to the "red flags" which would erode the presumption in favor of the Plaintiff, and no evidence was offered as to the other elements of Plaintiff's case, is Plaintiff foreclosed from arguing that its case was substantially justified? The Court must answer in the negative. The use of a credit card, at the time of its use, is a representation by the user that he intends to pay. The Plaintiff's reliance is presumed to be justifiable in the absence of "red flags." Thus, these are two elements Plaintiff need not prove. Plaintiff must establish all other elements of his case. Yet, the Defendant's Motion does nothing to challenge the Plaintiff's evidence as to those remaining elements as required by *Celotex*. Thus, the burden does not shift to the Plaintiff to require it to come forward with its evidence as to each. Therefore, the Motion for Summary Judgment regarding Mr. Melton's attorneys fees is denied. This denial is without prejudice to the right of the Defendant to request a trial on the merits of his section 523(d) request. Defendant is afforded a period of twenty (20) days within which to so move, failing which the section 523(d) request will be deemed abandoned. Accordingly, it is

ORDERED, that Brenna Francy, Counsel for Plaintiff, is sanctioned, pursuant to Fed. R.Bankr.P. 9011 in the amount of $500.00 payable to Marie Melton within twenty (20) days from the date of entry of this order; and it is

FURTHER ORDERED, that Plaintiff be required to pay Marie Melton her attorney's fees and costs in the amount of $422.00 payable within twenty (20) days from the date of entry of this order; and it is

FURTHER ORDERED, that summary judgment is awarded in favor of Defendant, Hileman Melton, and against the Plaintiff, Household Credit Services, and that the debt owed by Debtor/Defendant to Plaintiff is discharged; and it is

FURTHER ORDERED, that Defendant's Motion for Summary Judgment on the issue of his entitlement to attorney's fees pursuant to section 523(d) is denied without prejudice. Defendant is afforded a period of twenty (20) days within which to move for a hearing on this issue, failing which the section 523(d) request will be deemed abandoned.