In re William Landeck JENKINS,
Kathleen Delano Jenkins,
Debtors.

AT & T UNIVERSAL CARD SERVICES
CORP., Plaintiff,

v.

Kathleen Delano JENKINS, Defendant.

Bankruptcy No. 97–23869.
Adversary No. 97–2226.

United States Bankruptcy Court,
D. Connecticut.

Sept. 8, 1998.

---

Andrew K. Brotmann, Brotmann & Freedman, Stamford, CT, for Plaintiff.

Martha C. Rainey, DuBeau, Ryan & Boyan, P.C., Rockville, CT, for Defendant.

### RULING AND ORDER ON DEBTOR'S MOTION FOR AN AWARD OF ATTORNEY'S FEES

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

AT & T Universal Card Services Corp. ("AT & T"), on December 12, 1997, filed a complaint against Kathleen Delano Jenkins, a debtor in this Chapter 7 case ("the defendant"), asserting that a credit card balance of $2,423.21 was nondischargeable under Bank-

ruptcy Code § 523(a)(2)(A), which exempts from discharge debts obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). The specific allegations of fraud were "either Defendant never intended to repay the debt due and owing to Plaintiff or . . . Defendant made the purchases and/or took the case [sic] advances at a time when he [sic] knew or should have known that he [sic] would be unable to repay the debt." *Complaint* ¶ 9. Martha C. Rainey, Esq. ("Rainey"), on February 4, 1998, appeared in the proceeding as attorney for the defendant and filed an answer to the complaint. An amended answer subsequently filed denied the complaint's allegations of fraud and included a claim for attorney's fees and costs.

Pursuant to the parties' stipulation, the court, on February 5, 1998, entered a pretrial scheduling order establishing, *inter alia,* bar dates for filing motions and completing discovery. This order further set May 4, 1998 as the date for the final pretrial conference. The final pretrial conference, at the parties' joint request, was postponed. Thereafter the parties, on June 29, 1998, submitted their stipulation to the court to the effect that AT & T would withdraw its complaint without prejudice to the defendant pursuing her right to an award of a reasonable attorney's fee pursuant to Bankruptcy Code § 523(d).[1] The defendant, on July 6, 1998, filed her motion seeking an award of a reasonable attorney's fee and costs.

#### II.

The defendant and William Landeck Jenkins ("William") (together, "the debtors"), as spouses, filed a joint Chapter 7 petition on September 5, 1997. The bankruptcy attorney was Paul E. Veilleux, Esq. ("Veilleux"), and the **debtors** received an uncontested discharge on December 30, 1997.

---

1. Bankruptcy Code § 523(d) provides:
   If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.
   11 U.S.C. § 523(d).

At the hearing on the instant motion, held on July 23, 1998, the defendant testified that she has received Rainey's itemized bill for legal fees totaling $3,720 and covering services through June 25, 1998. A copy of such itemized bill was received into evidence. The defendant also testified that the AT & T credit card debt was created on February 26, 1997, when William, the co-debtor, at a time when the debtors were separated, stole her credit card and used it to obtain a $2,100 cash advance for himself. When the defendant became aware of this transaction on March 27, 1998, she called AT & T to notify it that she had not authorized the withdrawal and had notified the police of the credit card theft. AT & T's internal computer records for the debtors' file reflect the essence of the defendant's testimony about her telephone call.

Andrew K. Brotmann, Esq. ("Brotmann"), AT & T's attorney, testified that he sent Veilleux a letter dated October 14, 1997, in which he advised Veilleux that from AT & T's review of the debtors' file, it appeared that the debtors had "engaged in credit card abuse" and requested, in effect, that proof be provided to AT & T that they had not. *Pl.'s Exh. A.* Veilleux faxed Brotmann a message stating that he would attempt to get in touch with his clients, who were involved in a divorce proceeding, and would respond at a later date. While Veilleux did not further respond, Rainey, prior to the issuance of AT & T's complaint, telephoned Brotmann, stated that she would be representing the defendant, and repeated the defendant's explanation of how the $2,100 cash advance had been drawn. Rainey testified she spoke to Brotmann by telephone at least six times before Brotmann issued the complaint. AT & T neither attended the creditors' meeting set for the debtors' case nor requested a Rule 2004 examination of the defendant or anyone else.

### III.

In accordance with the provisions of § 523(d), the defendant has established that AT & T requested a determination of the discharge of her debt, the debt was a consumer debt, and the debt was discharged.

The burden of proof, accordingly, shifts to AT & T to establish that it was substantially justified in bringing its complaint against the defendant. *See Bank of New York v. Le (In re Le),* 222 B.R. 366, 371 (Bankr.W.D.Okla. 1998).

As substantial justification, AT & T asserts in its post-hearing brief that, notwithstanding the verbal information AT & T originally received from the defendant and later from Rainey, "it was not unreasonable to assume that defendant and her husband were attempting to perpetrate a fraud on plaintiff, i.e., he took the cash for their joint purposes, she then calls to say card was stolen and remove him as an authorized user." *AT & T's Post–Hearing Brief* at 2. AT & T states that it was only after it had deposed the defendant, which it did after bringing the complaint, that it "concluded that defendant's averments were genuine and decided to drop its case." *Id.* at 4. AT & T claims that it "acted as any reasonable person looking at the facts in this case would have acted. The facts in this matter screamed out for further investigation." *Id.* AT & T, in its brief, also disputes the reasonableness of Rainey's fees, arguing, *inter alia,* that attorney time spent preparing a request for security for costs, which asked the court to order AT & T to deposit $500 as security, responding to AT & T's objection to such request, and preparing for the § 523(d) hearing should not be compensable. *Id.* at 5, 6.

The defendant, in her post-hearing brief, contends that AT & T did not act as a reasonable creditor in filing the complaint, had no facts to justify the fraud allegations, and failed to do any type of investigation before filing the complaint. The defendant's post-hearing papers included an "Amended Affidavit Re Attorney's Fees" requesting $4,620 to cover Rainey's legal services through July 28, 1998 and $18.04 in costs. Most of the additional $900 in fees were incurred in connection with the July 23, 1998 hearing. AT & T filed a reply brief which, in general, repeated the arguments of its original brief and did not address Rainey's amended affidavit seeking increased fees.

## IV.

This court has previously adopted the rule that a plaintiff in a § 523(d) hearing "has the burden of proving 'substantial justification,' which phrase means 'justified to a degree that could satisfy a reasonable person.'" *See AT & T Universal Card Servs. Corp. v. Williams (In re Williams),* 217 B.R. 387, 388–89 (Bankr.D.Conn.1998) *appeal docketed,* 224 B.R. 523 (2d Cir. BAP 1998) (quoting *Peoples Bank v. Poirier (In re Poirier),* 214 B.R. 53, 57 (Bankr.D.Conn.1997)). The court concludes that AT & T has not established substantial justification. Indeed, based upon AT & T's utter speculation regarding how the defendant might have committed fraud, as previously described in *AT & T's Post–Hearing Brief* at 2, Brotmann has come ticklishly close to violating Bankruptcy Rule 9011, which provides, *inter alia,* that in signing or filing papers, an attorney certifies to the court that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed.R.Bankr.P. 9011(b)(3). *See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 390 (2d Cir.), *cert. denied sub nom. Golub v. Hydra Offshore, Inc.,* 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989) ("[Rule 11] 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.' This requirement assures that lawyers are prepared to demonstrate that they have done the necessary investigation prior to appearing in court." (citation omitted)); *Household Credit Servs. v. Melton (In re Melton),* 217 B.R. 869, 873 (Bankr.D.Colo.1998) (ordering Rule 9011 sanctions against an attorney who filed a complaint alleging that the debtor's credit card debt was nondischargeable pursuant to § 523(a)(2)(A), because the attorney had filed the complaint "without conducting any investigation of even the simplest nature.... The fact that Plaintiff may have had a reasonable basis for a claim against [the debtor's spouse] does not absolve Counsel of her responsibility to investigate as to both."); *Chevy Chase, F.S.B. v. Kullgren (In re Kull-*

*gren),* 109 B.R. 949, 955 (Bankr.C.D.Cal. 1990) (sanctioning an attorney under Rule 9011 for filing a nondischargeability complaint pursuant to § 523(a)(2)(A) in regard to a credit card debt, because the complaint "was devoid of any facts to support the claims made against debtors. If there was an investigation, it certainly was not evident from a reading of the complaint."). Brotmann had no evidentiary support when he filed the complaint, and AT & T appears to have had ample opportunity to secure such support, if any existed, prior to filing the complaint. AT & T's objections to portions of the attorney's fees as being unreasonable are denied. The court finds the decisional authority cited in AT & T's post-hearing brief to be inapposite.

## V.

The defendant's motion is granted, and a judgment will enter that AT & T is liable to the defendant in the amount of $4,920.00 for a reasonable attorney's fee and $18.04 in costs. It is

**SO ORDERED.**